```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION
```

```
ATHENS CELLULAR, INC., d/b/a    *
VERIZON WIRELESS,
                                *
     Plaintiff,
                                *
vs.                                      CASE NO. 3:14-CV-87 (CDL)
                                *
OCONEE COUNTY, GEORGIA; THE
OCONEE COUNTY BOARD OF          *
COMISSIONERS; MELVIN DAVIS,
individually and in his         *
official capacity as Chairman
of the Oconee County Board of   *
Commissioners; JIM LUKE, JOHN
DANIELL, MARGARET HALE, and     *
MARK SAXON, individually and in
their official capacities as    *
members of the Oconee County
Board of Commissioners,         *

     Defendants.                *
```

O R D E R

Athens Cellular, Inc., d/b/a Verizon Wireless ("Verizon") claims that Oconee County, Georgia violated the Telecommunications Act of 1996 ("Act"), 47 U.S.C. §§ 332(c)(7)(B)(i)(II) and (iii), when it denied Verizon's application to construct a cellular communications tower. Verizon filed the present action to overturn that denial. (ECF Nos. 1, 21). But it did so too late, and therefore, this action must be dismissed as untimely for the reasons explained in the remainder of this Order.

BACKGROUND

Verizon had a problem: it could not provide adequate wireless service to a portion of Oconee County, Georgia. It also had a solution: constructing a 199-foot cell tower in a remote portion of Oconee County. To construct the tower, Verizon had to apply to the Oconee County Board of Commissioners ("Board") for a special use permit. *See* Oconee County Unified Development Code, ECF No. 20-18 at 8. The Board held a public hearing regarding Verizon's application on August 5, 2014. At the hearing, Verizon's counsel spoke about the need for a new tower. Several residents then spoke in opposition to the tower, and the Board voted 2-1 to deny the application. On the same day, the Board also signed a one-sentence decision stating that it denied Verizon's application. The County never mailed that decision to Verizon or posted it on the county website. Moreover, no local ordinance informs an applicant how to obtain a copy of the Board's written decision.

Although Verizon struggled to learn the procedure for obtaining a decision, the present record certainly does not suggest that the County attempted to hide its official decisions or hinder someone's search for them. Unbeknownst to Verizon, the County, for approximately thirty years, has required the county clerk to save the Board's written decisions in a series of books stored in the clerk's office. As a public record, the

written decision is available to the public on request. If a request is made by a party that does not own the property that is the subject of the decision, the clerk's practice is to require an open records request before delivering the decision.

The undisputed evidence establishes that the County followed its customary procedure here. After the chairperson of the Board promptly reviewed the Board's decision to deny Verizon's application, the clerk placed the decision in the record book on August 7, 2014—just two days after the Board orally voted to deny Verizon's application. Although Verizon was well aware that the County had denied its application at the public hearing, it was unaware of the County's custom of publishing such written denials in the record book, and it did not ask the clerk for a copy of the written decision.

In addition to maintaining a copy of the Board's decision in the record book, the clerk forwarded the written decision to the Oconee County zoning and planning department on August 6, 2014. The zoning department also kept a copy of the decision in its file. Thus, had it known to ask, Verizon also could have obtained a copy of the written decision from the zoning department as of August 6, 2014.

Verizon, apparently unsure of precisely how to obtain a copy of the written decision, conferred with a consultant who it thought was familiar with the County's zoning procedures. The

consultant advised Verizon that after the Board holds a hearing where it orally votes on a zoning application, "[t]he written decision of the Board . . . is typically not sent to the applicant until after the Board . . . approves the minutes of the meeting at which the decision was made." Beall Aff. ¶ 5, ECF No. 29.  This advice lured Verizon into thinking that the written denial would not be available until the Board finalized the meeting minutes.  So instead of diligently seeking alternative access to the written decision, which may have led Verizon to the clerk's record books or the zoning department files, Verizon focused on the meeting minutes.  This was a mistake.

On August 28, 2014, Verizon asked the clerk's office when the Board would approve the minutes from the August 5 hearing. The clerk's office responded that the Board would approve the minutes at the start of its next meeting on September 2, 2014. Verizon subsequently saw that the Board approved the minutes from the August 5 hearing and that those minutes referenced the Board's decision denying Verizon's application.  Then Verizon requested the written denial from the clerk.  Because Verizon did not own the property for the proposed cell tower site, the clerk, as was its custom, advised Verizon that it needed to make a formal request pursuant to the Open Records Act.  Verizon made

4

a request and received the written decision on September 10, 2014.

On September 24, 2014, fifty days after the oral denial of its permit application and forty-eight days after the written denial was placed in the clerk's record book, Verizon filed the present action to overturn the County's denial of its permit application.  Verizon claims that the denial violates the Telecommunications Act because it is not supported by substantial evidence contained in the written record, as required by 47 U.S.C. § 332(c)(7)(B)(iii), and because it has the effect of prohibiting access to personal wireless services in violation of § 332(c)(7)(B)(i)(II).  The County seeks dismissal of this action as untimely because it was not filed within thirty days of the County issuing a written decision, as required by the Act.

DISCUSSION

I.   **Verizon's Complaint is Untimely**

The Telecommunications Act states: "Any person adversely affected by any final action . . . by a State or local government . . . that is inconsistent with this subparagraph may, within 30 days after such action . . . commence an action in any court of competent jurisdiction."  *Id.* § 332(c)(7)(B)(v).  The plain language of the statute requires an aggrieved party to bring its appeal within thirty days of the "final action" of

5

which the aggrieved party complains. Although the Act does not define the phrase "final action," the Eleventh Circuit has. "Final action" means the "state or local authority's issuance of its decision in writing." *Preferred Sites, LLC v. Troup Cnty.*, 296 F.3d 1210, 1218 (11th Cir. 2002). Therefore, to be timely, Verizon must have filed the present action within thirty days of the County's issuance of its decision in writing.

The parties disagree on the meaning of the term "issuance" in the Eleventh Circuit's definition of final action. The County argues that issuance refers to the County reducing its decision to writing. When that occurred, its oral denial became a final action, and the statute of limitations began running. Verizon maintains that issuance requires some conveyance of the written decision to the applicant. Thus, the statute of limitations should not begin to run until the written decision is mailed, distributed, or published in a way that gives the applicant actual notice of the written decision.

Although public policy considerations could support a requirement that the aggrieved party receive *actual* notice of the permit denial, Congress did not adopt such a policy. Nowhere does the Act state that denial must be mailed, distributed, or posted in some manner designed to provide actual notice to the aggrieved party. Indeed, the United States Supreme Court recently emphasized that the Act "does not use any

6

verb at all to describe the conveying of information from a locality to an applicant; it just says that a denial 'shall be in writing and supported by substantial evidence contained in a written record.'" *T-Mobile S., LLC v. City of Roswell, Ga.*, No. 13-975, 2015 WL 159278, at *8 (Jan. 14, 2015) (quoting 47 U.S.C. § 332(c)(7)(B)(iii)).  Congress simply instructed localities to memorialize their final actions in writing. "Putting the decision in writing is the last action the authority is statutorily required to take," and therefore, an aggrieved party must file its complaint within thirty days of the local government writing its decision. *Preferred Sites*, 296 F.3d at 1217; *see also T-Mobile S.*, 2015 WL 159278, at *7 n.4 (explaining that the statute of limitations is triggered simply by issuing the decision, not the reasons for that decision). Nothing in the Act suggests that what the County did here—filing the written decision in the County record book and zoning department files where it was available for public review—ran afoul of the Act.[1]

---

[1] The Court does not need to decide what happens if a written decision is not available, on reasonable inquiry, to the public or the aggrieved party.  The present record clearly establishes that the written decision was available had Verizon simply asked the clerk for it.  The Court further finds that the County's procedures satisfy procedural due process.  Verizon received a public hearing where it was allowed to present its permit application.  The Board voted at a public meeting to deny the permit application giving Verizon actual notice of its action.  The County then reduced its decision to writing, as required by the Act, and placed that writing in the

7

In summary, the Board issued its written decision denying Verizon's application on August 5, 2014. The written decision was available to the public no later than August 7, 2014. Verizon did not file its complaint until fifty days after the Board put its decision in writing. Therefore, this action is untimely.

**II.  Equitable Tolling Does Not Apply**

Because Verizon failed to file the present action within thirty days of the Board's "final action," the Court must dismiss this action unless equitable tolling can save it. "Time requirements in lawsuits between private litigants are customarily subject to equitable tolling[.]" *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990) (internal quotation marks omitted). But equitable tolling is an "extraordinary remedy which should be extended only sparingly." *Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). Typically, tolling is available only upon "finding an inequitable event that prevented plaintiff's timely action." *Id.* (internal quotation marks omitted); *see e.g.*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984) (per curiam) (tolling is appropriate when "a claimant has received inadequate notice"); *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 846 (11th

---

County's public records which were reasonably available to members of the public, including Verizon.

8

Cir. 2013) (internal quotation marks omitted) (permitting tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence" or "if in the exercise of due diligence, the claimant nonetheless files a defective pleading during the statutory period.").

Equitable tolling is not appropriate "when the plaintiff does not file [its] action in a timely fashion despite knowing or being in a position reasonably to know that the limitations period is running." *Justice*, 6 F.3d at 1279. Generally, equitable tolling does not apply "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.

Verizon argues that the Court should toll the statute of limitations because Verizon was unaware of the written decision until the Board finalized the meeting minutes on September 2, 2014—just twenty-two days before it sued. Although Verizon acknowledges that the written decision was in the clerk's record book and the zoning department's file prior to September 2, Verizon argues that it could not have possibly known that the written decision existed because neither the local ordinances nor the website explained this procedure. Verizon claims that it received inadequate notice of the decision because the County did not mail the decision to Verizon or post it on the county

9

website.  In sum, Verizon contends that it did all it could by waiting for the Board to approve the meeting minutes.

Although Verizon's predicament could have been avoided had the County simply mailed a copy of the written denial to Verizon's counsel, the Court is unpersuaded that Verizon did all that it could do.  The present record indicates that if Verizon simply had asked the clerk's office if the Board had reduced its decision to writing, it would have been told yes.  And if Verizon had further inquired into how it could receive a copy of that decision, the clerk's office would have explained the record book and zoning department procedures.  Instead of just asking the clerk for the written decision, Verizon waited for the Board to approve the meeting minutes.  These circumstances are not sufficiently extraordinary to authorize the application of equitable tolling.  *See Damren v. Florida,* No. 13-15017, 2015 WL 253285, at *4 (11th Cir. Jan. 21, 2105) (confirming that circumstances must truly be extraordinary to authorize equitable tolling).

The Court acknowledges that Verizon's argument for more notice may be supported by sound policy considerations; but the Act simply does not require it.  Adoption of Verizon's position would require the Court to re-write the Act.  If the appellate courts wish to engage in such judicial mischief, so be it.  This Court has a duty to remain faithful to the plain language of the

Act, and consistent with that duty, the Court must dismiss the Complaint as untimely.

## CONCLUSION

Having failed to timely bring its claim, Verizon's action must be dismissed.  (ECF Nos. 1, 21).

IT IS SO ORDERED, this 26th day of January, 2015.

S/Clay D. Land<br>
CLAY D. LAND<br>
CHIEF U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA